UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAWN M. HELLER, | ) | CASE NO. 5:14 CV 856 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DISABILITY RIGHTS OHIO, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* Dawn Heller filed this *in forma pauperis* action on April 21, 2014 against
Defendant Disability Rights Ohio. The Complaint, which consists primarily of legal citations and
propositions, alleges Defendant provided legal representation to Plaintiff concerning services
provided by the Bureau of Vocational Rehabilitation Services.  Plaintiff appears not to have been
satisfied with the representation.  She asserts violation of her civil rights, breach of contract,
fraud, and violation of the Racketeer Influenced and Corrupt Organizations Act.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,
365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. §
1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis
in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the
plaintiff and without  service of process on the defendant, if the court explicitly states that
it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim

Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting

---

for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

she might have a valid federal claim.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716
(6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal
conclusions in determining whether complaint states a claim for relief).

      The Court takes judicial notice of its own records in observing that this is at least the
eleventh lawsuit filed by Plaintiff to be summarily dismissed by this court.[2] Federal courts have
both the inherent power and constitutional obligation to protect their jurisdiction from conduct
which impairs the ability to carry out Article III functions.  *Procup v. Strickland*, 792 F.2d 1069,
1073 (11th Cir. 1986).  Moreover, this Court has the responsibility to prevent litigants from
unnecessarily encroaching on judicial machinery needed by others.  *Id*.  To achieve these ends,
the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and
harassing litigants by requiring them to obtain leave of court before submitting additional filings.
*Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-
5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing
litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations
omitted)).[3]

      Plaintiff has established a pattern of filing complaints in this Court which are frivolous
and vexatious, constituting an abuse of the judicial process.  Accordingly, Dawn Heller is
permanently enjoined from filing any new lawsuits or other documents without seeking and
obtaining leave of court in accordance with the following:

---

[2]    The previous lawsuits filed by Ms. Heller and summarily dismissed in this Court are:
5:13 CV 519, 5:13 CV 2307, 5:13 CV 2676, 5:14 CV 134, 5:14 CV 243, 5:14 CV 244, 5:14 CV
523, 5:14 CV 524, 5:14 CV 580, and 5:14 CV 684.

[3]    Other circuits have endorsed enjoining these types of filers.  *See, Day v. Allstate Ins.
Co.*,788 F.2d 1110 (5th Cir.1986); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986); *Procup v.
Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); *In re
Martin-Trigona*, 763 F.2d 140 (2d Cir. 1985); *In re Green*, 669 F.2d 779 (D.C. Cir. 1981)(per
curiam); *Green v. Warden*, 699 F.2d 364 (7th Cir. 1983), *cert. denied*, 461 U.S. 960 (1983); *Green v.
White*, 616 F.2d 1054 (8th Cir. 1980) (per curiam); *Gordon v. Dep't of Justice*, 558 F.2d 618 (1st Cir.
1977); *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972).

1.      She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and she must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).

2.      As an exhibit to any motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by her in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3.      By means of a second exhibit, she must identify and list:  (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any court against each and every defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.

4. As a third exhibit to the motion, she must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing.  If the motion is denied, the document shall not be filed.  Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which she may be punished accordingly.

Further, to prevent further harassment of the court by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

(1)  Any document submitted by Ms. Heller prior to her obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Ms. Heller files, unless and until leave is

4

granted.

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Donald C. Nugent 8/29/14

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE